UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MALIKA BENNETT, on her own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BED BATH & BEYOND, INC.,<br><br>Defendant. | No. 2:26-cv-00862<br><br>NOTICE OF REMOVAL<br>(King County Superior Court Case No. 26-2-05442-8 SEA) |

TO: CLERK OF THE COURT

AND TO: ALL PARTIES AND ALL COUNSEL OF RECORD

Defendant Bed Bath & Beyond, Inc. ("Beyond"), hereby gives notice that it is removing the above-captioned case, originally filed in the Superior Court of the State of Washington for King County, Case No. 26-2-05442-8 SEA, to the United States District Court for the Western District of Washington. Beyond removes the case pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, on the grounds set forth below.

1. On February 13, 2026, Plaintiff Malika Bennett, acting individually and on behalf of a purported class of persons she seeks to represent ("Plaintiff"), served the Complaint and Summons on Beyond's registered agent, CT Corp. Pursuant to 28 U.S.C. § 1446(a), a copy of the proof of service and Summons and Complaint are attached as **Exhibit A**. The documents that comprise Exhibit A constitute all process, pleadings, and orders delivered to Beyond. *See* 28 U.S.C. § 1446(a). Pursuant to LCR 101(b), the Complaint is separately attached as **Exhibit B**.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

2. Removal of this action is therefore timely because Beyond filed this Notice of Removal within 30 days after the service of the Summons and Complaint. *See* U.S.C. § 1446(b); Fed. R. Civ. P. 6(a).

3. Beyond removes this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), and 28 U.S.C. § 1453, on the basis that (a) this action is a proposed "class action" as defined in 28 U.S.C. § 1332(d)(1)(B); (b) at least one member of the proposed class is a citizen of a state different than Beyond; (c) the number of members of the proposed class is not less than 100; and (d) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

**<u>Proposed Class Action</u>**

4. Plaintiff brings this case as a proposed class action, Compl. ¶¶ 121-131 (Ex. B), and seeks certification of the putative class under Washington Superior Court Civil Rule ("CR") 23. *Id.* ¶ 121. Washington courts have long held that CR 23 and its federal counterpart are "substantially similar." *See, e.g.*, *Summers v. Sea Mar Cmty. Health Ctrs.*, 541 P.3d 381, 388 (Wash. Ct. App. 2024). Therefore, this action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."

**<u>Minimal Diversity</u>**

5. Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." Such minimal diversity exists among the parties here.

6. As alleged in the Complaint, Plaintiff is a resident and citizen of Washington. Compl. ¶¶ 10, 121. Plaintiff seeks to represent a class that comprises the following: "All Washington citizens holding an email address to which Defendant sent or caused to be sent any email listed in Exhibit A [of the Complaint] during the Class period." *Id.* ¶ 121.

7. Beyond is a Delaware corporation with its principal place of business in Utah (as



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Plaintiff acknowledges, Compl. ¶ 11). Therefore, Beyond is a citizen of Delaware and Utah for purposes of diversity of citizenship. *See Danjaq, S.A. v. Pathe Commc'ns Corp.*, 979 F.2d 772, 773-74 (9th Cir. 1992) (alien corporations are citizens of both their foreign place of incorporation and principal place of business). No other defendants are named in this action. Accordingly, complete diversity exists between (i) Plaintiff and the putative class she seeks to represent and (ii) Beyond, thereby satisfying the requirement of minimal diversity under 28 U.S.C. § 1332(d)(2)(A).

**The Putative Class Numbers Not Less than 100**

8. The number of members of the class that Plaintiff proposes is not less than 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B). Plaintiff alleges that "the Class is estimated to minimally contain thousands of members." Compl. ¶ 125.

**The Amount in Controversy Is over $5,000,000**

9. "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). This is an "action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).

10. "In measuring the amount in controversy, a court must assume that the allegations in the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *see also Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (same). "[T]he amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (citation omitted) (emphasis in original).

11. Where, as here, a complaint fails to state an amount in controversy, "the defendant's notice of removal may do so," and the defendant need only submit a short and plain statement that "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co.*,



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*LLC v. Owens*, 574 U.S. 81, 84 (2014). That statement “need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.” *Id.* at 89. If “the defendant’s assertion of the amount in controversy is challenged by plaintiffs in a motion to remand, the Supreme Court has said that both sides submit proof and the court then decides where the preponderance lies.” *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015).

12. Here, Plaintiff alleges that the putative class consists of a minimum of “thousands of members.” Compl. ¶ 125. Plaintiff seeks “all available relief, including an injunction” for Beyond’s alleged violations of the Commercial Electronic Mail Act (“CEMA”), RCW 19.190.020. *Id.* ¶ 138. For Beyond’s alleged violations of the Consumer Protection Act (“CPA”), RCW 19.86.020, Plaintiff alleges that she and the putative class members are entitled to “an injunction against further violations; the greater of Plaintiff’s actual damages or liquidated damages of $500 per violation, trebled; and costs of the suit, including a reasonable attorney’s fee.” *Id.* ¶ 148. The Court may consider these types of alleged damages, aggregated on a class-wide basis, when conducting the amount-in-controversy calculation. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (state law claims authorizing treble damages and attorney fees may be taken into account when determining the amount in controversy for federal diversity jurisdiction).

13. Plaintiff specifically identifies thirty-one emails that purportedly violate CEMA. Compl. ¶¶ 45, 47, 49, 52, 54, 56-57, 59, 62-65, 68, 71-72, 74, 76, 78-79, 81, 83-87, 89-92, 95-96, 98. Plaintiff alleges that “[t]he Class Period extends from the date four years before the Class Action Complaint is filed to the date a class certification order is entered in this action.” *Id.* ¶ 123. Plaintiff also asserts that she “reserves the right to amend the Class definition as discovery reveals additional emails containing false or misleading information in the subject line that Defendant sent or caused to be sent during the Class Period to email addresses held by Washington residents.” *Id.* ¶ 124. Plaintiff alleges that “the Class is estimated to minimally contain thousands of members.” *Id.* ¶ 125.

14. Without conceding and while outright denying any purported liability, based on



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

reasonable assumptions and Plaintiff's allegations that Beyond sent thirty-one specifically identified emails that allegedly violate CEMA and potentially additional emails of a similar nature over a four-year period, and that the putative Class includes "thousands of members[,]" the Complaint alleges that at least 62,000 emails were sent in violation of CEMA. With $500 in alleged minimum damages per email, RCW 19.190.040(1) and Compl. ¶ 148, the amount in controversy exceeds $5,000,000, even before accounting for Plaintiff's requested attorney's fees, treble damages, or injunctive relief. Accordingly, the alleged aggregated damages, fees, and costs Plaintiff seeks surpass CAFA's $5,000,000 amount-in-controversy requirement.

**Removal Is Proper**

15. Pursuant to 28 U.S.C. § 1453, a suit over which a district court would have original jurisdiction under CAFA may be removed to federal court from state court, as provided by 28 U.S.C. §§ 1441(a) and 1446(a). Because this Court could have asserted original jurisdiction over this case, Beyond is entitled to remove the present action to the Court.

16. King County Superior Court lies within the Western District of Washington. 28 U.S.C. § 128(b). Accordingly, removal to this district is proper. *See* 28 U.S.C. § 1441(a). The Seattle Division is the proper division for this matter, as it is being removed from King County. *See* LCR 3(e)(1).

17. Pursuant to 28 U.S.C. § 1446, written notice of the filing of this Notice of Removal and the removal of the state court action will be served on Plaintiffs through their counsel of record. A copy of this Notice of Removal is being filed promptly with the Clerk of the King County Superior Court, as required by 28 U.S.C. § 1446(d).

18. The removal of this action terminates all proceedings in the Superior Court. *See* 28 U.S.C. § 1446(d).

19. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Beyond's right to assert any claim or defense. Beyond reserves the right to assert all applicable claims and defenses in response to the Complaint.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**LCR 101(b) Requirements Are Met**

20. In accordance with LCR 101(b), Beyond has filed contemporaneously with this Notice of Removal a copy of the operative Complaint, which is separately attached as **Exhibit B,** and a copy of the Jury Demand, which is separately attached as **Exhibit C**. A certificate of service which lists all counsel who have appeared in the action with their contact information, including email addresses, is appended to the end of this Notice of Removal. Beyond has also filed a completed Civil Cover Sheet, which the Court's ECF system will automatically append to this Notice of Removal in ECF.

WHEREFORE, the above-entitled action is removed from the King County Superior Court to the United States District Court for the Western District of Washington.

DATED this 13th day of March, 2026.

Davis Wright Tremaine LLP
*Attorneys for Defendant*

By s/ *Kenneth E. Payson*
Kenneth E. Payson, WSBA #26369

By s/ *Lauren B. Rainwater*
Lauren B. Rainwater, WSBA #43625

920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206-622-3150
Fax: 206-757-7016
kenpayson@dwt.com
laurenrainwater@dwt.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of March, 2026, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system and I hereby certify that a copy was emailed to the following counsel.

Samuel J. Strauss
Raina C. Borrelli
STRAUSS BORRELLI PLLC
890 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops
Natalie A. Lyons
Ian R. Bensberg
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

Gerard J. Stranch, IV
Michael C. Tackeff
Andrew K. Murray
STRANCH, JENNINGS & GARVEY, PLCC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
gstranch@stranchlaw.com
mtackeff@stranchlaw.com
amurray@stranchlaw.com

*Counsel for Plaintiff*
*and the Proposed Class*

DATED this 13th day of March, 2026.

By s/ *Kenneth E. Payson*
Kenneth E. Payson, WSBA #26369



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax