HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MALIKA BENNETT, *on her own behalf and on behalf of others similarly situated*,

Plaintiff,

and

STATE OF WASHINGTON,

Plaintiff-Intervenor,

v.

BED BATH & BEYOND, INC.,

Defendant.

Case No. 2:26-cv-00862-RAJ

ORDER TO SHOW CAUSE

THIS MATTER comes before the Court on Defendant's Motion to Dismiss Complaint. Dkt. No. 23. Plaintiff asserts putative class action claims against Defendant Bed Bath & Beyond, Inc. ("Bed Bath & Beyond"), alleging that Bed Bath & Beyond sent promotional emails to Plaintiff and other Washington consumers containing misleading subject lines, in violation of Washington's Consumer Electronic Mail Act ("CEMA"), RCW 19.190.020(1)(b), and the Consumer Protection Act ("CPA"), RCW 19.86.020. Dkt. No. 1-2. Bed Bath & Beyond argues that Plaintiff's claims are subject to dismissal because: (1) she fails to plead facts supporting three required elements of a CEMA violation; (2) she fails to allege that the email subject lines caused injury to her business or property; (3) the

emails allegedly sent by Bed Bath & Beyond complied with the then-governing interpretation of CEMA, as advised by the Washington Attorney General; (4) Plaintiff's CPA claim depends entirely on an inadequately-pled CEMA claim; and (5) Plaintiff alleges no basis for actual and treble damages under either statute. Dkt. No. 23.

In recent months, multiple courts in this district have questioned whether plaintiffs in similar putative class actions arising under CEMA and/or the CPA lack Article III standing. *Hutton v. Papa John's USA*, 2026 WL 1183241, at *1 (W.D. Wash. Apr. 30, 2026) (collecting cases). To establish standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Analyses of the standing issue by courts in this district have yielded varying conclusions and approaches. *Compare, e.g.*, *Liss v. Skechers USA Inc.*, No. 3:25-cv-05861-DGE, 2026 WL 1392327, at *3 (W.D. Wash. May 19, 2026) (finding standing requirement satisfied); *Nuri v. True Religion Apparel*, No. 2:25-cv-00690-LK, 2026 WL 864886 (W.D. Wash. March 30, 2026) (remanding for lack of standing). Other courts have ordered supplemental briefing on the issue of whether the plaintiff(s) have Article III standing or stayed the actions pending resolution of the Ninth Circuit's appeal of *Montes v. SPARC Group, LLC*, No. 23-35496 ("*Montes I*"). *See, e.g.,* Minute Orders, *Harrington v. Vineyard Vines, LLC*, No. 25-1115 TSZ (W.D. Wash.), Dkt. Nos. 48 (finding the standing issue "unclear" and ordering supplemental briefing), 64.

In December 2025, a court in the Eastern District of Washington concluded that a similarly situated plaintiff lacked Article III standing, finding that mere "recei[pt of] an email with a misleading or false subject line" does not constitute a concrete injury. *Montes v. Catalyst Brands LLC*, No. 2:25-CV-0281-TOR, 2025 WL 3485827, *2–3 (E.D. Wash. Dec. 4, 2025) ("*Montes II*"). The *Montes II* decision was appealed to the Ninth Circuit; as of the date of this Order, the appeal remains pending. *See Montes v. Penney OpCo, LLC*,

No. 26-241 (9th Cir. 2026). In light of the pendency of the *Montes II* appeal, numerous courts in this district have stayed proceedings in analogous CEMA/CPA matters. *Meadows v. Lands' End, Inc.,* No. 3:25-CV-05841-BHS, 2026 WL 2581947, at *3 (W.D. Wash. Sept. 1, 2026) (collecting cases). This Court agrees that the resolution of the *Montes II* appeal "will be dispositive on the threshold Article III jurisdictional question." *Id.*

Accordingly, the parties are **ORDERED TO SHOW CAUSE** (i) why this case should not be remanded to King County Superior Court for lack of subject matter jurisdiction, and (ii) whether this case should be stayed pending the Ninth Circuit's ruling in the *Montes II* appeal. The parties' responses are due by September 18, 2026, and shall not exceed 2,800 words.

The clerk is directed to **RE-NOTE** Defendant's Motion to Dismiss Complaint, Dkt. No. 23, for September 18, 2026.

DATED this 11th day of September, 2026.

Richard A Jones

The Honorable Richard A. Jones
United States District Judge