HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MALIKA BENNETT, *on her own behalf and on behalf of others similarly situated*,<br>Plaintiff,<br>and<br>STATE OF WASHINGTON,<br>Plaintiff-Intervenor,<br>v.<br>BED BATH & BEYOND, INC.,<br>Defendant. | Case No. 2:26-cv-00862-RAJ<br>ORDER TO SHOW CAUSE |

## I. INTRODUCTION

THIS MATTER comes before the Court upon: (1) the responses of Plaintiff Malika Bennett and Defendant Bed Bath & Beyond, Inc. ("Bed Bath & Beyond") to the Court's September 11, 2026 Order to Show Cause, and (2) Bed Bath & Beyond's Motion to Dismiss Complaint (the "Motion to Dismiss"). Dkt. Nos. 23, 40–42. For the reasons set forth below, the Court **STAYS** this matter and **DENIES** Bed Bath & Beyond's Motion to Dismiss without prejudice.

## II. BACKGROUND

This is a putative class action against Bed Bath & Beyond for violations of Washington's Consumer Electronic Mail Act ("CEMA"), RCW 19.190.020, and the Consumer Protection Act ("CPA"), RCW 19.86.020. Dkt. No. 1-2. Plaintiff alleges that Bed Bath & Beyond sent promotional emails to Plaintiff and other Washington consumers containing misleading subject lines. *Id.* Bed Bath & Beyond argues that Plaintiff's claims are subject to dismissal because: (1) she fails to plead facts supporting three required elements of a CEMA violation; (2) she fails to allege that the email subject lines caused injury to her business or property; (3) the emails allegedly sent by Bed Bath & Beyond complied with the then-governing interpretation of CEMA, as advised by the Washington Attorney General; (4) Plaintiff's CPA claim depends entirely on an inadequately-pled CEMA claim; and (5) Plaintiff alleges no basis for actual and treble damages under either statute. Dkt. No. 23.

After reviewing the record, the Court ordered the parties to show cause (1) why this case should not be remanded to King County Superior Court for lack of subject matter jurisdiction; and (2) whether this case should be stayed pending the resolution of *Montes v. Penney Opco, LLC*, No. 26-241 (9th Cir.) ("*Montes II*"). Dkt. No. 40. Plaintiff opposes a stay and submits that, if the Court "finds it has no jurisdiction or finds its jurisdiction in doubt," the only possible remedy is remand. Dkt. No. 41 at 5–6. Bed Bath & Beyond argues that Plaintiff has Article III standing such that this Court has jurisdiction over this action, but concurs that a stay would be appropriate pending the Ninth Circuit's resolution of the threshold jurisdictional question posed by the *Montes II* appeal. Dkt. No. 42 at 3–5.

## III. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The court's authority extends to staying an action "pending resolution of independent

proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979), *cert. denied*, 444 U.S. 827 (1979)). In determining whether a stay is appropriate, the court must weigh "the competing interests which will be affected by the granting or refusal to grant a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). These interests include: (1) the possible damage which may result from granting a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Id.*

## IV. DISCUSSION

The Court finds that the *Landis* factors support a stay pending the Ninth Circuit's resolution of *Montes II*. *Landis*, 299 U.S. at 254–55. First, there is little damage likely to result from granting a stay, given the early stage of this litigation. *See, e.g.*, *Arcand v. Catalyst Brands LLC*, No. 2:25-cv-01445-DGE, 2026 WL 369417, at *3 (W.D. Wash. Feb. 10, 2026) (staying action where "the case is in the early stages of litigation, very little substantive work has been done in this case, and there are no immediately pressing deadlines"). Second, requiring the parties to go forward pending the Ninth Circuit's resolution of *Montes II* risks inconsistent rulings, wasted judicial and attorney resources, and duplicative proceedings. Finally, the Ninth Circuit's ruling in *Montes II* will simplify a question of law that is "directly on-point and will be dispositive on the threshold Article III jurisdictional question." *Meadows v. Lands' End, Inc.*, No. 3:25-cv-05841-BHS, 2026 WL 2581947, at *3 (W.D. Wash. Sept. 1, 2026). Recognizing this, numerous courts in this district have stayed virtually identical CEMA/CPA actions pending resolution of the appeals in *Montes II* and *Montes v. SPARC Group, LLC*, No. 23-35496 (9th Cir.). *Id.* (collecting cases). A stay would therefore promote the orderly course of justice.

## V. CONCLUSION

For the foregoing reasons, this matter is **STAYED** pending the Ninth Circuit's resolution of *Montes II*. Bed Bath & Beyond's Motion to Dismiss Complaint, Dkt. No. 23, is **DENIED WITHOUT PREJUDICE** to refile following the Ninth Circuit's decision in *Montes II*, as applicable. The parties shall submit a joint status report within 14 days of the Ninth Circuit's decision.

Dated this 24th day of September, 2026.

The Honorable Richard A. Jones
United States District Judge